# Shelton *v.* Merrill, Fitch & Allen.

*Motion against Sheriff for Failure to Return Execution.*

1. *Return day of execution, under general law, and special statute in Mobile.* Under the general statutes of the State, the return term of an exeention is the term next after its date, except when it is issued less than fifteen days before the commencement of that term (Code, § 3191), and the sheriff is required to make return of the writ three days before the first day of the term; but, under the special statute regulating the practice in the Circuit Court of Mobile, approved February 28th, 1870, which is still of force in this particular, an exe-

cution is returnable on the first Monday in the month next after the expira-
tion of five months from the day it is issued.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. H. T. TOULMIN.

E. S. DARGAN, for the appellants.

JOHN T. TAYLOR, and C. H. LINDSAY, *contra.*

MANNING, J.—This was a motion in the Circuit Court of
Mobile, on behalf of appellees, against Shelton, sheriff of
that county, and his sureties, for his failure to return a writ
of execution upon a judgment of said court in plaintiffs'
favor.   They obtained a judgment in this proceeding, for
the statutory penalty of twenty. *per cent.* of the amount of
the execution.   This writ was issued and delivered to him
on the 11th of April, 1878; and in the body of it he was
commanded to make return of it, and of the execution of it,
" according to law, to-wit, on the first Monday of October,
1878."

The judgment on the motion was rendered in June in that
year, during a term of the court which began on the 29th day
of the same month (April) in which the writ was issued, and
only eighteen days afterwards.   The term was made to com-
mence at that time, by a recent act of the legislature, which
was carried into the Code of 1876-7 ; the terms of the court
previously beginning on the first Monday in March, and the
third Monday in November, in each year, according to " an
act to regulate the practice in the Circuit Court of Mobile
county," approved February 28th, 1870.

The judgment appealed from was founded on the follow-
ing sections, numbered 3190 (2852), and 3191 (2853), in the
Code of 1876-7.   The sheriff " must execute the writ with
diligence, and, if practicable, perform the mandate thereof,
and make return of. his acts to the clerk, three days before
the first day of the return term of the writ."   " The return
term of the writ is the term next after its date, unless issued
less than fifteen days before court ; in which case, it is the
term next thereafter."

These provisions of law have been on our statute-books
very many years.   They are found, in the exact form quoted,
in the Codes of 1852 and 1867 ; and the continuance of them
in the Code of 1876-7 does not give to them any greater
effect, or more extended operation, than they had prior to
and at the time of its adoption.   Then, and before, these sec-
tions, or the portions of them affecting this case, had been

limited and superseded, so far as the Circuit Court of the county of Mobile was concerned, by the second section of the statute above mentioned, of February 28th, 1870; which enacted in respect of that court, that all executions and final process shall be made returnable on the first Monday of the month, whether in term time or not, next after the expiration of five months from the date of the issuance thereof."

The writ of execution, for the failure to return which this judgment was obtained, was issued in accordance with that provision, and made returnable the first Monday in the month next after the expiration of five months from the day it was issued. The precept of the writ—the command to make the money—had not lost its force, nor had the time lapsed which was allowed to the sheriff within which he was to perform this service. The part of the local statute not inconsistent with the subsequent enactment changing the time of holding the Circuit Court of Mobile was not thereby repealed.—Code, § 10. The Circuit Court erred in supposing that it was; and its judgment on this motion of appellees must be reversed.

Let the cause be remanded, that the motion may be overruled, or dismissed, in the Circuit Court.